**STARK & STARK**
A Professional Corporation
Gene Markin, Esq.
100 American Metro Blvd
Hamilton, NJ 08619
Ph: (609) 895-7248
*Attorneys for Defendant Jacobson & John, LLP*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MONTGOMERY LAW LLC**<br><br>                   Plaintiff,<br><br>vs.<br><br>**JACOBSON & JOHN, LLP**,<br><br>                   Defendant. | **CIVIL ACTION NO.:**<br>**2:24-cv-00108-JHS** |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT

**OF COUNSEL AND ON THE BRIEF:**

Craig Hilliard, Esq.
Gene Markin, Esq.

# <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

Table of Citations.................................................................................. ii

Preliminary Statement.......................................................................... 1

Pertinent Facts ..................................................................................... 2

Legal Argument

    I.    Plaintiff Cannot Challenge The Mark On "Mere Descriptiveness"
           Grounds Because The Mark Has Now Reached "Incontestability"
           Status Under Federal Trademark Law................................................... 3

        A.    Rule 12(b)(6) Standard ................................................... 3

        B.    Section 14 of the Lanham Act Precludes Plaintiff From
               Challenging Defendant's Mark on the Grounds of Mere
               Descriptiveness and Lack of Secondary Meaning ........................... 5

    II.    Plaintiff Cannot Maintain Unfair Competition Claims Based On
           Defendant's Use Of Its Registered Trademark....................................... 7

Conclusion............................................................................................ 11

4884-2472-5932, v. 2

## <u>TABLE OF CITATIONS</u>

<u>Page</u>

### <u>Cases</u>

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................. 3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................ 3, 4

*Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.*, 109 F.3d 275
   (6th Cir. 1997) .................................................................................................... 6

*Flynn v. Health Advocate, Inc.*, 169 F. App'x 99 (3d Cir. 2006) ........................... 9

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) ..................................... 4

*Harp v. Rahme*, 984 F. Supp.2d 398 (E.D. Pa. 2013) ........................................... 9

*Hedges v. United States*, 404 F.3d 744 (3d Cir. 2005) ........................................... 5

*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997) .............. 4

*Johnson & Johnson-Merck Consumer Pharmaceuticals Co. v. Rhone-Poulenc Rorer
Pharmaceuticals, Inc.*, 19 F.3d 125 (3d Cir. 1994) ........................................ 8-9

*Matal v. Tam*, 137 S. Ct. 1744 (2017) ................................................................. 10

*Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902 (3d Cir. 1997) ........................... 3

*Park 'N Fly Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189 (1985) ......................... 7

*Park 'N Fly*, 224 USPQ 327 ................................................................................. 7

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192 (3d Cir. 1993) .......... 5

*Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) ........................... 3, 4

*Scheuer v. Rhodes*, 416 U.S. 232 (1974) ............................................................... 4

*Sovereign Order of Saint John of Jerusalem, Inc. v. Grady*, 119 F.3d 1236 (6th Cir. 1997) ........ 6

*Steer Mach. Tool & Die Corp. v. SS Niles Bottle Stoppers, LLC*, 331 F. Supp. 3d 429
   ((M.D. Pa., Aug. 6) ............................................................................................. 9

*Unicasa Mktg. Group, LLC v. Martha Spinelli*, 2007 U.S. Dist. LEXIS 16628 (D.N.J. 2007) .... 7

*U.S. Healthcare, Inc. v. Blue Cross of Greater Philadelphia*, 898 F.2d 914 (3d Cir. 1990)..........9

*Zamfir v. Casperlabs, LLC*, 528 F. Supp. 3d 1136 (S.D. Cal. Mar. 26, 2021) ......................... 10

*Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340 (Fed. Cir. 1999) ..................................... 7

### <u>Statutes</u>

15 U.S.C. § 1051 ................................................................................................... 5

15 U.S.C. § 1052 ................................................................................................... 5

15 U.S.C. § 1057(b) .......................................................................................... 5, 10

4884-2472-5932, v. 2

15 U.S.C. § 1064 ................................................................................................. 5, 6

15 U.S.C. § 1064(3) ............................................................................................ 6, 7

15 U.S.C. § 1065 ............................................................................................. 1, 5, 6

15 U.S.C. § 1065(3) ................................................................................................ 6

15 U.S.C. § 1125(a) ................................................................................................ 9

**Rules**

Fed. R. Civ. P. 8(a)(2) ............................................................................................ 3

Fed. R. Civ. P. 12(d) .............................................................................................. 5

Rule 12(b)(6) ...................................................................................................... 3, 5

Rule 56 .................................................................................................................. 5

**Other Authorities**

Trademark Act § 2(e) .............................................................................................. 7

Trademark Act § 14(3) ............................................................................................ 7

J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition §
   30.32[4] (3d ed. 1992) .................................................................................... 6-7

The Lanham Act § 43(a) ......................................................................................... 7

## **PRELIMINARY STATEMENT**

After losing at the Trademark Trial and Appeal Board ("TTAB"), the adjudicatory arm of the U.S. Patent & Trademark Office, Plaintiff Montgomery Law LLC ("Montgomery Law") now brings this new action seeking to cancel the registered trademark of Defendant, Jacobson & John, LLP ("J&J"). That registered mark is THE EDUCATION LAWYERS (the "Mark"), and Montgomery Law seeks to cancel it on two grounds: (1) the Mark is allegedly generic; and (2) the Mark is allegedly merely descriptive of an attribute of the services provided under the Mark.

However, by the time Plaintiff initiated this new action in January 2024, Defendant's Mark reached 5-year incontestability status pursuant to 15 U.S.C. § 1065. Here, J&J filed its Section 15 affidavit with the USPTO on December 1, 2023 thereby acquiring incontestability status for its Mark.  As such, the Mark can no longer be challenged on "mere descriptiveness" grounds, and therefore, any such claims and contentions must be dismissed with prejudice.

Moreover, in its Second and Third Causes of Action pled in the Complaint, Montgomery Law advances a specious claim of unfair competition. It is specious because it is based entirely on J&J's assertion of its registered trademark rights under the Mark.  But the mere exercise by a trademark owner of rights under a registered trademark, against a potential infringer of the trademark, is not sufficient to state a claim for unfair competition, and accordingly these claims should also be dismissed.

4884-2472-5932, v. 2

## PERTINENT FACTS

1.      After filing its application for registration in the U.S. Patent & Trademark Office, J&J secured a federal registration of its Mark in August 2018. *See* Declaration of Gene Markin, Esq. (the "Markin Decl.") in Support of Motion to Dismiss, at ¶¶ 2-3; *see also* Complaint at ¶¶ 8-9.

2.      Plaintiff thereafter sought cancellation of Defendant's Mark in the TTAB, through the filing of a Petition to Cancel, arguing the Mark was generic, merely descriptive, and lacked acquired distinctiveness.  *See* Markin Decl., at ¶¶ 4-5; see also Complaint at ¶¶ 18-23.

3.      The TTAB denied the Petition to Cancel after a trial on the merits, finding that Plaintiff failed to carry its burden of proving either genericness or descriptiveness.  *See* Markin Decl., at ¶ 6; *see also* Exhibit A to the Complaint.

4.      Following the TTAB's decision, Defendant filed its Section 15 affidavit in the USPTO on December 1, 2023, affirming continued use of its Mark for five consecutive years following registration.  *See* Markin Decl., at ¶ 7.

5.      Subsequently, Plaintiff filed this action seeking to challenge the TTAB's decision and requesting cancellation of the Mark based on the same arguments: genericness and descriptiveness.  *See* Complaint at ¶¶ 19-20.

4884-2472-5932, v. 2

## <u>LEGAL ARGUMENT</u>

I.   **PLAINTIFF CANNOT CHALLENGE THE MARK ON "MERE DESCRIPTIVENESS" GROUNDS BECAUSE THE MARK HAS NOW REACHED "INCONTESTABILITY" STATUS UNDER FEDERAL TRADEMARK LAW**

   A.   <u>Rule 12(b)(6) Standard</u>

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2). While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

4884-2472-5932, v. 2

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]" *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  The Third Circuit has instructed district courts to conduct a two-part analysis in deciding a motion to dismiss.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

First, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler*, 578 F.3d at 210-11.  Second, a district court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Id*. at 211.  A complaint must do more than allege the plaintiff's entitlement to relief. *Id.*  Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not "shown" that the pleader is entitled to relief. *Id.*; *see also Phillips*, 515 F.3d at 234 ("The Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (quoting *Twombly*, 550 U.S. at 556).

A court need not credit "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant has the burden of demonstrating

4

that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of public record. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994).  A court may consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Id.* (citation omitted).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(d).

Here, because Plaintiff's Mark has reached incontestability status it can no longer be challenged on descriptiveness grounds and therefore Plaintiff is precluded from arguing mere descriptiveness and lack of secondary meaning.  *See* 15 U.S.C. § 1064.

**B.    Section 14 of the Lanham Act Precludes Plaintiff From Challenging Defendant's Mark on the Grounds of Mere Descriptiveness and Lack of Secondary Meaning**

The Lanham Act, 15 U.S.C. § 1051 *et seq.*, provides for the registration of trademarks. *Id.* § 1052. The owner of a registered mark is entitled to a presumption that the mark is valid, *id.* § 1057(b), and after five years, the registered mark ordinarily becomes incontestable, *id.* § 1065.

4884-2472-5932, v. 2

Under the Lanham Act, a mark may become incontestable if it is not successfully challenged within five years of its registration. *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.*, 109 F.3d 275, 282 (6th Cir. 1997). The requirements for incontestable status are set forth under 15 U.S.C. § 1065. Section 1065(3) specifies one such requirement: that a registered mark be continuously used in commerce for "five consecutive years" subsequent to the date of such registration and is still in use in commerce, in order to be incontestable. 15 U.S.C. § 1065(3).

"Once incontestability is established, only [the] . . . defenses enumerated in § 1115(b) can be interposed in an action for trademark infringement." *Sovereign Order of Saint John of Jerusalem, Inc. v. Grady*, 119 F.3d 1236, 1240 (6th Cir. 1997). The "purpose of incontestability in federal trademark law is, quite simply, to avoid having the validity of trademarks litigated endlessly." *Id.*

Section 1064 of the Lanham Act limits the ability to challenge an incontestable mark that has been registered for five years. *See* 15 U.S.C. § 1064. Under § 1064(3), cancellations of a registered incontestable mark may be brought only for a limited set of reasons such as, "if the registered mark becomes the generic name for the goods or services, . . . has been abandoned, . . . or its registration was obtained fraudulently." 15 U.S.C. § 1064(3). Notably absent from this list is lack of secondary meaning or mere descriptiveness.

The power of federal courts to cancel a mark under the Lanham Act, as provided for under § 1119, is subject to § 1064 and limited to the grounds listed in the statute. *See* J. Thomas McCarthy, McCarthy on Trademarks and Unfair

6

Competition, § 30.32[4] at 30-162 (3d ed. 1992); *see also Park 'N Fly Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 203 (1985).  As such, because J&J filed the appropriate affidavit asserting the Mark has been in use for over five years since registration, the Mark became incontestable prior to Montgomery Law's filing of this new action and is not subject to challenge under Trademark Act § 2(e) (*i.e.*, mere descriptiveness).  *See* Trademark Act § 14(3); 15 U.S.C. § 1064(3); *see also Park 'N Fly*, 224 USPQ 327, 330 ("The language of the Lanham Act ... refutes any conclusion that an incontestable mark may be challenged as merely descriptive.")

Therefore, Plaintiff can no longer challenge the Mark on mere descriptiveness grounds and any such claim must be dismissed.  *See Unicasa Mktg. Group, LLC v. Martha Spinelli*, 2007 U.S. Dist. LEXIS 16628, *24 (D.N.J. 2007) ("an incontestable mark cannot be challenged, for example, for mere descriptiveness, or on the basis that the mark lacks secondary meaning").

## II.   PLAINTIFF CANNOT MAINTAIN UNFAIR COMPETITION CLAIMS BASED ON DEFENDANT'S USE OF ITS REGISTERED TRADEMARK

The Lanham Act § 43(a) prohibits unfair competition generally in the form of "false advertising," "trade libel," and "product disparagement" claims.  *See Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1347-8 (Fed. Cir. 1999). Courts have consistently recognized that to state a claim for a violation of the Lanham Act § 43(a), the claimant must allege that (1) the defendant made a false or misleading statement of fact in commercial advertising or promotion about its or another's goods or services; (2) the statement actually deceives or is likely to deceive a

4884-2472-5932, v. 2

substantial segment of the intended audience; (3) the deception is material in that it is likely to influence purchasing decisions; (4) the defendant caused the statement to enter interstate commerce; and (5) the statement results in actual or probable injury to the plaintiff. *Id*. at 1348

Under Section 1125(a)(1)(B):

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any *false designation of origin, false or misleading description of fact, or false or misleading representation of fact*, which — . . .

> (B) in commercial advertising or promotion, *misrepresents the nature, characteristics, qualities, or geographic origin* of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or [*15] she is or is likely to be damaged by such act.

> *Id*. (emphasis added).

To establish a Lanham Act claim based on a false or misleading representation about a product or service, the plaintiff must show:

> 1) that the defendant has made false or misleading statements as to his own product [or another's];

> 2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience;

> 3) that the deception is material in that it is likely to influence purchasing decisions;

> 4) that the advertised goods traveled in interstate commerce; and

> 5) that there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc.

> [*See Johnson & Johnson-Merck Consumer Pharmaceuticals Co. v.*

8

>*Rhone-Poulenc Rorer Pharmaceuticals, Inc.*, 19 F.3d 125, 129 (3d Cir.
>1994) (quoting *U.S. Healthcare, Inc. v. Blue Cross of Greater
>Philadelphia*, 898 F.2d 914, 922-23 (3d Cir. 1990)).]

Additionally, in order for a plaintiff to come within the zone of interest in an unfair competition suit arising under 15 U.S.C. § 1125(a), the plaintiff must allege an injury to a commercial interest in reputation or sales.  Moreover, a plaintiff suing under § 1125(a) must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising, *i.e.* proximate cause. *Steer Mach. Tool & Die Corp. v. SS Niles Bottle Stoppers, LLC*, 331 F. Supp. 3d 429, 433 ((M.D. Pa., Aug. 6, 2018).

The Pennsylvania common law cause of action for unfair competition is "virtually the same" as the Lanham Act.  *Flynn v. Health Advocate, Inc.*, 169 F. App'x 99, 101 (3d Cir. 2006); *see also Harp v. Rahme*, 984 F. Supp.2d 398, 410 (E.D. Pa. 2013), *aff'd without opinion*, (3d Cir., Aug. 13, 2014) ("The requirements of a Pennsylvania unfair competition claim mirror those of a Lanham Act claim, but without the additional federal requirement of interstate commerce.")

Here, Plaintiff bases its unfair competition claims on Defendant's "use of the [registered] trademark THE EDUCATION LAWYERS in connection with Defendant's business" and concludes that such use "constitutes an effort to deceive the public as to the origin, uniqueness, sponsorship, presentation, or approval of Defendant's goods, services, or commercial activities."  *See* Complaint, ¶ 37.  But Plaintiff fails to identify any "false or misleading statements" concerning the nature, quality, or characteristics of Defendant's services that arise from

Defendant's use of its Mark.  As an owner of a registered trademark, defendant has gained the exclusive right to use the Mark in commerce and to advertise its services under that Mark.  *See* 15 U.S.C. § 1057(b); *see also Matal v. Tam*, 137 S. Ct. 1744, 1751-53 (2017) (recognizing that although federal law does not create trademarks, federal registration "confers important legal rights and benefits on trademark owners who register their marks," including prima facie evidence of the right to use in commerce in connection with specific goods or services) (citation omitted).

Plaintiff's Complaint fails to allege any false statements of "the nature, characteristics, qualities or geographic origin" of Defendant's services.  As such, Plaintiff cannot sustain Lanham Act or common law unfair competition claims against Defendant based on Defendant's use of the Mark, an authorized act.  *See Zamfir v. Casperlabs, LLC*, 528 F. Supp. 3d 1136, 1148 (S.D. Cal. Mar. 26, 2021) (finding that in light of absence of evidence tending to rebut a registered trademark holder's right to use the mark, the registrant's use of the mark in connection with the goods or services referenced in the registration is not a basis for unfair competition claim under Lanham Act).

Therefore, since Plaintiff's Complaint is devoid of allegations concerning any false or misleading statements made by Defendant, Plaintiff's unfair competition claims must be dismissed.

4884-2472-5932, v. 2

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should enter an Order: 1) dismissing with prejudice any claims by Plaintiff in the First Cause of Action seeking to cancel Defendant's Mark on mere descriptiveness and/or lack of secondary meaning grounds; and 2) dismissing the Second and Third Causes of Action for unfair competition.

Dated:  March 11, 2024

By:   */s/ Gene Markin*

    CRAIG S. HILLIARD, ESQ.
    GENE MARKIN, ESQ.
    **STARK & STARK, P.C.**
    100 American Metro Blvd
    Hamilton, NJ 08619
    Ph. (609) 895-7248

    *Attorneys for Defendant Jacobson & John, LLP*

4884-2472-5932, v. 2